OPINION *Page 2 
{¶ 1} Appellant, Billy Furr, appeals his conviction and sentence on one count of Importuning from the Licking County Common Pleas Court. Appellant alleges that his conviction was not supported by sufficient evidence and that the trial court committed error by failing to allow a continuance for a pre-sentence investigation prior to sentencing.
 {¶ 2} On September 27, 2006, Detective Sergeant Dave Starling of the Licking County Sheriff's Office was supervising and participating in an undercover investigation for internet predators. Based on his training, Sgt. Starling and those he supervised would log onto the internet using fictitious profiles. The profiles indicated the officers were underage users. On this date, Sgt. Starling posed as a fifteen-year-old girl, melissa_myway, from Newark, Ohio. As that persona, Sgt. Starling entered an adult chat room in Yahoo. The profile attached to melissa_myway indicated the user was a fifteen-year-old female with interests in cheerleading, dancing, friends and tanning. The profile also included a picture.
 {¶ 3} Sgt. Starling was in the chat room for some time, when dirty_biker812, appellant, contacted him. The two then engaged in instant messaging which, when transcribed, totaled ten pages in length. Sgt. Starling made mention of his age as fifteen and appellant acknowledged the age. Appellant mentioned he took photographs. The conversation led to a discussion of "getting physical." See, State's Exhibit No. 2.
 {¶ 4} dirty_biker812: at 15 do you get physicial[sic]?
 {¶ 5} melissa_myway: do you want to be physical? *Page 3 
 {¶ 6} dirty_biker812: yes i like that
 {¶ 7} dirty_biker812: holding tiuching[sic]
 {¶ 8} melissa_myway: tell me how you mean
 {¶ 9} dirty_biker812: tasting
 {¶ 10} melissa_myway: tasting?
 {¶ 11} dirty_biker812: yes
 {¶ 12} dirty_biker812: the back of your neck
 {¶ 13} dirty_biker812: your lips
 {¶ 14} dirty_biker812: your stomach
 {¶ 15} dirty_biker812: your thighs
 {¶ 16} melissa_myway: I am listening
 {¶ 17} dirty_biker812: and well
 {¶ 18} melissa_myway: yes?
 {¶ 19} dirty_biker812: do you like that?
 {¶ 20} melissa_myway: yes
 {¶ 21} dirty_biker812: i think i could make you smile
 {¶ 22} Then later:
 {¶ 23} dirty_biker812: back to you what would you like me to do?
 {¶ 24} melissa_myway: Tell me I just dont want to disappointment
 {¶ 25} melissa_myway: you
 {¶ 26} melissa_myway: very pretty dog
 {¶ 27} dirty_biker812: tell me what you think you would like me to do
 {¶ 28} dirty_biker812: shes aboxer[sic] sharpee *Page 4 
 {¶ 29} melissa_myway: I am not very experienced
 {¶ 30} dirty_biker812: that's what i mean you must havve[sic] an idea what you would like to try
 {¶ 31} melissa_myway: I am open minded. . . .
 {¶ 32} dirty_biker812: so am i very much so
 {¶ 33} melissa_myway: I have never gone all the way before. . . .
 {¶ 34} dirty_biker812: oh ok you want to?
 {¶ 35} melissa_myway: I don't know. . . .I would just have to see how it goes
 {¶ 36} dirty_biker812: yes
 {¶ 37} dirty_biker812: have you ever had a climax?
 {¶ 38} melissa_myway: yes
 {¶ 39} dirty_biker812: ok good
 {¶ 40} Appellant and melissa_myway then discussed meeting. They agreed to meet in a truck stop in Licking County. Melissa_myway wanted to meet in a "public place." Appellant drove almost two hours to meet melissa_myway. Appellant arrived at the agreed upon location and was met by several deputies with the Licking County Sheriff's Office. Appellant agreed to an interview with Sgt. Starling. Deputies searched appellant's vehicle and found two condoms, wine coolers and a digital camera. Sgt. Starling interviewed appellant. Appellant acknowledged that he had been chatting with melissa_myway and that was who he thought he was meeting.
 {¶ 41} The Licking County Grand Jury indicted appellant on one count of Importuning in violation of R.C. 2907.07(D)(2), a felony of the fifth degree. Appellant plead not guilty. The case proceeded to a jury trial. Following the presentation of *Page 5 
evidence, the jury returned a guilty verdict on the charge of Importuning. The trial court then proceeded to sentencing. The trial court imposed a nine month prison sentence. The trial court then proceeded directly to the sexual offender classification hearing. The trial court determined appellant to be a habitual sexual offender based on two convictions (one previous and the conviction at issue) for sexually oriented offenses.
 {¶ 42} Appellant appealed raising the following assignments of error.
 {¶ 43} "I. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE IN QUESTION.
 {¶ 44} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT DURING THE PROCEEDINGS BELOW."
 I. {¶ 45} In his first assignment of error, appellant argues his importuning conviction was not supported by the evidence. We disagree.
 {¶ 46} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held:
 {¶ 47} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of *Page 6 
fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus.
 {¶ 48} R.C. 2907.07(D) states in pertinent part:
 {¶ 49} "No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity with the offender when the offender is eighteen years of age or older and either of the following applies:
 {¶ 50} 1) The other person is thirteen years of age or older but less than sixteen years of age, the offender knows that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the other person.
 {¶ 51} 2) The other person is a law enforcement officer posing as a person who is thirteen years of age or older but less than sixteen years of age, the offender believes that the other person is thirteen years of age or older but less than sixteen years of age or is reckless in that regard, and the offender is four or more years older than the age the law enforcement officer assumes in posing as the person who is thirteen years of age or older but less than sixteen years of age."
 {¶ 52} Appellant argues that the evidence was insufficient to prove the element of solicitation, the element to engage in sexual activity with another and whether the appellant knew the person was between the ages of 13 and 16 or was reckless with regard to the person's age.
 {¶ 53} First, we address the elements of solicitation to engage in sexual activity. "Solicit means to seek, to ask, to influence, to invite, to tempt, to lead on, to bring *Page 7 
pressure to bear." State v. Skatzes, 104 Ohio St.3d 195, 2004-Ohio 6391. We find that there is sufficient evidence that a jury could find the elements of solicitation to engage in sexual activity proven beyond a reasonable doubt.
 {¶ 54} In the instant messaging exchange between appellant and melissa_myway, Appellant says "pleasure would be my main goal." State's Exhibit No. 2, p. 5., at 6:12:06. Melissa_myway asks "what do you want to do?" Appellant responds "you." Id., p. 5, at 7:11:05-7:11:10. Later, appellant asks "do you want to get physical?" Melissa_myway replies "do you want to be physical?" Appellant answers "yes I like that." Id., p. 7, at 8:02:39-8:03:32. After this statement, appellant gets more specific:
 {¶ 55} dirty_biker812: holding tiuching[sic]
 {¶ 56} melissa_myway: tell me how you mean
 {¶ 57} dirty_biker812: tasting
 {¶ 58} melissa_myway: tasting?
 {¶ 59} dirty_biker812: yes
 {¶ 60} dirty_biker812: the back of your neck
 {¶ 61} dirty_biker812: your lips
 {¶ 62} dirty_biker812: your stomach
 {¶ 63} dirty_biker812: your thighs
 {¶ 64} State's exhibit No. 2, p. 7, at 8:03:46-8:05:48.
 {¶ 65} Viewing this evidence most favorably to the State, a jury could conclude beyond a reasonable doubt that appellant intended to engage in sexual activity with melissa_myway. Appellant then arranges to meet melissa_myway at a truck stop at *Page 8 
11:00pm. State's Exhibit No. 2, p. 9, at 8:41:51-8:43:04. This establishes the elements of soliciting to engage in sexual activity.
 {¶ 66} Appellant next argues he did not know melissa_myway was under sixteen. Melissa_myway's profile states, "I am 15 years old." State's Exhibit No. 1. Once again, the instant messaging proves appellant had knowledge the person he was messaging was under sixteen. Melissa_myway states, "I just want to know that your[sic] ok with me being 15." State's Exhibit No. 2, p. 7, at 7:59:33. Later, appellant acknowledges the age, "at 15 do you get physical?" Id., p. 7, at 8:02:39. Later, melissa_myway says, "remember that I am only 15 a little young to be married. . . ." Id., p. 10, 8:52:42. Melissa_myway is clear about her age. Appellant argues that he believed her to be role playing. However, appellant showed a reckless disregard for age in light of the foregoing instant messaging.
 {¶ 67} The first assignment of error is overruled.
 II. {¶ 68} In his second assignment of error, appellant argues the trial court erred by not allowing a continuance for a presentence investigation. We disagree.
 {¶ 69} Criminal Rule 32.2 states "In felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation." A trial court's failure to order a presentence investigation is not error when the defendant is not eligible for probation. State v.Patterson (Ohio App. 10 Dist., 04-04-1996) 110 Ohio App.3d 264,673 N.E.2d 1001, dismissed, appeal not allowed 76 Ohio St.3d 1493,670 N.E.2d 240. *Page 9 
 {¶ 70} In the case sub judice, the trial court proceeded from a finding of guilt to the sentence. Appellant asked for a continuance for a presentence investigation. As already established, the trial court was not required to order a presentence investigation when the appellant was being incarcerated. The decision on whether to grant a continuance rests within the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65, 423 N.E.2d 1078. Upon review, the trial court did not abuse its discretion.
 {¶ 71} Appellant's second assignment of error is overruled.
 {¶ 72} The judgment of the Licking County Court of Common Pleas is affirmed. By: Delaney, J. Gwin, P.J. and Wise, J. concur *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant. *Page 1